Chief Judge Desmond
(dissenting). I vote to affirm.
Ford had, it is conceded, an affirmative duty to provide plaintiff with a safe place to work. The jury was justified by the evidence in this record in finding that a seat on the ventilating window was the only place from which this work could be done. The sole question, therefore, is: did Ford “ furnish” this locus as the place to do this work? The jury’s answer “ Yes ” was well based on the proof that responsible employees of Ford *112 had furnished no other place or way to do the work and knew that the windows were being tvashed in this manner. Borshowsky v. Altman & Co. (306 N. Y. 798) is not in point except as an authority for plaintiff, since the dismissal of Borshowsky’s complaint was based on proof not only that plaintiff had been told to keep off the glass marquee but that there were other safe ways to do the cleaning and that defendant Altman never knew that the marquee was being used for the purpose.
Judges Dye, Fuld and Van Voorhis concur with Judge Scileppi; Judge Foster concurs in result; Chief Judge Desmond dissents in an opinion in which Judge Burke concurs.
Judgment reversed, etc.
[For motion to amend remittitur, see 13 N Y 2d 893.]